## RUDOLPH DERLE v. ANNE THOMASON

SUPERIOR COURT        NEW LONDON COUNTY        FILE No. 17300

Memorandum filed October 3, 1947.

Louis G. Sokol, of New London, for the Plaintiff.

Griswold Morgan and William J. Willetts, of New London, for the Defendant.

INGLIS, J. The parties to this action are brother and sister. For nearly ten years prior to September, 1943, the defendant had been employed at the Connecticut State Hospital at Norwich, and out of her earnings she had saved $2200, which she kept hidden in a sugar canister. In that month she went to live with the plaintiff in Trumbull. She continued to live with him there, keeping house for him and assisting him in his farm work, first in a house which he rented and then in an upstairs apartment owned by their sister, Mrs. Quinn. They lived in harmony (except for one quarrel in May, 1944, which was finally patched up) until October, 1944. At that time Mrs. Quinn asked them to move. The defendant then came to Groton and negotiated for the purchase of the property involved in this litigation. As a matter of fact she had contemplated buying this same property before she went to Trumbull. By October 25, 1944, she had paid the real estate agent, who was selling the property, a total of $400, and on that day she took from him an agreement of sale. On November 14 she paid him an additional $600, and on December 4 still another $200, leaving a balance on the purchase price of $600. A deed of the property to the defendant from Flora May, the then owner, was executed, but not delivered, on November 28. The balance of the purchase price was financed by Flora Mays' giving a mortgage for $700 to the Danielson Federal Savings and Loan Association on January 18, 1945, but the deed from Flora May to the defendant was not delivered until April 30. A fire occurred in the property in January, 1946. At that time the defendant had paid this mortgage down to $363, and the proceeds of the insurance policy was used to pay off the balance of the mortgage.

When the property was bought, it was an abandoned schoolhouse, and the defendant started to remodel it so that it would be suitable for a dwelling house. This remodeling process continued over a long period of time and, in fact is not yet completed. Prior to July, 1946, she disbursed for materials and labor a total of about $1200, and in addition to that a good deal of the work was done by herself and by the plaintiff and friends and neighbors, without charge.

During November and December, 1944, the defendant lived with a sister, Mrs. O'Connor, in Groton. During that same period the plaintiff was back and forth between Groton and Trumbull disposing of some of his personal property, which

netted him a total of $2500 or more. Finally in January, 1945, both parties started to live in the property in question. The plaintiff worked for the Electric Boat Company for about three months and then did some farming, and the defendant worked until May clerking in a provision store. In May, she and Mrs. O'Connor took over the Nelseco Hotel, but very shortly there was a quarrel between them and the defendant withdrew, keeping about $900 for her interest. Of this amount, after paying some indebtedness, she had about $500 clear. Thereafter, she worked at a nursing home.

At the time she was having her argument with her sister she requested an attorney to prepare a quitclaim of the property to the plaintiff, stating that she wished to prevent her sister from attaching the property and also that she had intended that the plaintiff should have the property at her death anyway. This deed was never executed.

In October, 1945, she quitclaimed the property to attorney John J. Hunt to avoid an anticipated attachment by a mechanic who had worked on the property, but very shortly Mr. Hunt quitclaimed it back to her.

In June, 1946, a quarrel arose between the plaintiff and the defendant concerning the marriage of the defendant's daughter. Shortly thereafter the plaintiff moved from the property and then for the first time made claim that the property belonged to him.

The basis of the plaintiff's claim, as it is asserted in this action, is that it was his money that the defendant used to purchase the property and that, therefore, she holds title subject to a resulting trust in his favor. The burden of proving that it was his money which paid for the property is on him.

Briefly, his claim is that all the money which he brought into the house, both in Trumbull and in Groton, went into a dish and it was from this dish that the defendant removed the money which she put into the property. Aside from the inherent implausibility of the story and the unconvincing way in which the plaintiff testified, there are several features of the case which tend to discount it. To several different people in Groton he has made statements to the effect that if the property were his he would remodel it differently from the way it was being remodeled. Also the evidence discloses that if his money were going into the property there would have been no need to place

the mortgage on it to raise the balance of the purchase price. By that time, on the strength of his own testimony, the sum of $2500 which he had realized from the sale of his personal property, plus the large sum which he claims was in the dish, would have been more than enough to have paid the full purchase price and for all of the repairs that were made down to the date of his leaving. More than that, he is very vague as to how much money he allowed the defendant to take from the dish and when she took it. He seems to have taken no interest in the amounts she was investing in the property nor did he make any effort to control the character of the alterations. Likewise, if his story were true, it is very probable that he would have asserted his claim to the property much earlier than he did and have at least suggested that the conveyance which we made in October, 1945, to avoid the claim of the carpenter, of which he had full knowledge, should be made to him instead of to Mr. Hunt. On the whole, therefore, it is found that his story in its essentials is not entitled to credence and that he has failed to prove that it was his money which was used to pay for the property and for the repairs and alterations therein.

Judgment may enter for the defendant and that she recover of this plaintiff her taxable costs.